**MANDATE**

UNITED STATES COURT OF APPEALS
FOR THE
SECOND CIRCUIT

_____

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of June, two thousand and seventeen.

Before:  Jon O. Newman,
 José A. Cabranes,
 Gerard E. Lynch,
  *Circuit Judges.*

_____

Dr. Joseph Irrera,

 Plaintiff - Appellant,

v.

Dr. Douglas Humpherys, Individually,
University of Rochester,

 Defendants - Appellees.

_____

**JUDGMENT**
Docket No. 16-2004

The appeal in the above captioned case from an order of the United States District Court for the Western District of New York was argued on the district court's record and the parties' briefs. Upon consideration thereof,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that, for the reasons set forth in the Court's summary order and opinion, the district court's decision is AFFIRMED in part as to the discrimination and hostile work environment claims, and REVERSED in part as to the retaliation claims. The case is REMANDED for further proceedings.

 For The Court:

 Catherine O'Hagan Wolfe,
 Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

MANDATE ISSUED ON 7/6/2017

16-2004-cv
Irrera v. Humpherys, *et al.*

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term 2016

Argued:  May 31, 2017                    Decided: June 15, 2017

Docket No. 16-2004

- - - - - - - - - - - - - - - - - - - - - - - - -

DR. JOSEPH IRRERA,
    Plaintiff-Appellant,

    v.

DR. DOUGLAS HUMPHERYS, Individually,
    UNIVERSITY OF ROCHESTER[1]
    Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - - - - - - -

Before:  NEWMAN, CABRANES, and LYNCH, Circuit Judges.

    Appeal from the May 24, 2016, Order of the District Court for the Western District of New York (David G. Larimer, District Judge) dismissing for failure to state a

---

[1] The Clerk is requested to change the official caption as above.

1

claim on which relief can be granted a complaint by a graduate music student alleging sexual harassment and retaliation by his teacher, who is chair of the piano department of the Eastman School of Music of the University of Rochester, and by the school.

Affirmed in part, in a summary order filed this day, as to the claims of sexual harassment and reversed in part and remanded, in this opinion, as to the claim of retaliation.

>           Stewart Lee Karlin, New York, NY
>               (Stewart Lee Karlin Law Group,
>               PC, New York, NY, for Plaintiff-
>               Appellant.
>
>           Marion Blankopf, Rochester, NY
>               (Nixon Peabody LLP, Christopher
>               D. Thomas, Rochester, NY, on the
>               brief), for Defendants-
>               Appellees.

JON O. NEWMAN, Circuit Judge:

The issue on this appeal is whether a claim of retaliation for complaining of sexual harassment was sufficiently plausible to withstand a motion to dismiss at

2

the pleading stage. Dr. Joseph Irrera appeals from the May 24, 2016, Order of the District Court for the Western District of New York (David G. Larimer, District Judge), granting the motion of defendants-appellants Douglas Humpherys and the University of Rochester to dismiss Irrera's complaint for failure to state a claim on which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Other issues raised by Irrera's appeal have been adjudicated in a summary order filed this day.[2]

## Background

Irrera was a graduate piano student at the Eastman School of Music ("Eastman") of the University of Rochester from 2009 to 2014, pursuing a doctor of musical arts

---

[2] We have considered this appeal on an expedited basis, pursuant to our Expedited Appeal Calendar, *see* Second Circuit Local Rule 31.2(b). We adopted that rule in the aftermath of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), to give expedited consideration to appeals from judgments and orders dismissing complaints at the pleading stage. *See* Jon O. Newman, "The Second Circuit's Expedited Appeals Calendar for Threshold Dismissals," 80 Brook. L. Rev. 429 (2015).

3

("DMA") degree.³ Humpherys, the chair of the piano department, was initially Irrera's teacher.

The complaint, accepted as true for purposes of this appeal, made several allegations against Humpherys. He made an unwanted sexual advance toward Irrera by caressing Irrera's shoulder and rubbing his hands up and down Irrera's arms for approximately four minutes during a piano lesson. Humpherys also leaned his crotch into Irrera's back during the same lesson. On other occasions Humpherys winked at him, blew kisses at him, raised his eyebrows at him, and looked up and down at him in a sexual manner when they encountered each other in Eastman's common areas. Another professor at Eastman, who was a close confidant of Humpherys', told Irrera that Humpherys was "in love" with him. A-41. Irrera rejected Humpherys' sexual advances.

Students seeking a DMA degree are required, among other things, to perform two solo recitals on their primary instrument. Humpherys repeatedly assured Irrera that he was ready for his first required solo piano recital and that he

---

³ Irrera had previously received his bachelor degree in piano performance at Eastman and received his master's degree at the Peabody Conservatory in Baltimore, Maryland.

4

would do well in that recital, a prediction that almost always proved correct with other students. The recital was judged by a panel of three professors, including Humpherys. Graded on a pass/fail basis, Irrera was given a failing grade in retaliation for rejecting Humpherys' sexual advances. Another professor at Eastman informed Irrera that Humpherys, walking into the recital, had told her that "it will not go well[,]" A-43, and, after the recital, told Irrera that he had played well enough to pass. Humpherys gave Irrera unusually short notice of his second solo recital, which was judged by the same panel that judged the first recital. The second panel also gave Irrera a failing grade.

In the 27 years that Irrera had been playing the piano, he had never previously failed a solo recital. A few months after being judged to have failed the second solo recital, Irrera won the American Protégé International Competition and performed at Carnegie Hall for the second time. After Eastman assigned another member of the piano faculty as Irrera's teacher, he was successful on all his subsequent recitals and graduated with a DMA degree in 2014.

Humpherys told Irrera in a recorded conversation that he "would never get a university professor job," A-45, and threatened to "make his life a living hell" if he made any written report of sexual harassment, A-51. An Eastman Dean, Marie Rolf, told Irrera that she expected that "future employers would call, email or otherwise contact Humpherys to get feedback regarding [his] abilities to perform in his primary instrument[,]" A-49, that "she received calls all the time even though not listed as someone's reference," *id.,* and that "'we cannot get [Humpherys] out of your life -- he has been your teacher for so long[,]'" *id.*

After receiving his DMA degree from Eastman, Irrera applied to twenty-eight colleges and universities for open teaching positions in their piano departments, but did not receive a single invitation for an interview. Such an outcome, he alleges, is "extraordinarily rare (unheard of)" for an Eastman graduate, and "[p]ractically all of the DMA students at Eastman in the same year have found a job shortly after they graduated and some even while they were still completing the DMA degree." A-57.

6

Irrera grounded his claim of retaliation on the theory that the absence of any interviews resulted from negative references from Humpherys and that Humpherys gave a negative reference as a result of Irrera's rejection of Humpherys' sexual advances. The District Court dismissed Irrera's retaliation claim, concluding that it was speculative because he failed to make factual allegations that Humpherys or any other professor at Eastman gave any of his potential employers a reference, let alone a negative reference.

## Discussion

Ever since the Supreme Court replaced the lenient pleading standard of *Conley v. Gibson*, 355 U.S. 41 (1957), with a somewhat more restrictive standard, *see Bell Atlantic Corp. v. Twombly,* 550 U.S. 554 (2007), which it called a "plausibility standard," *id.* at 560; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), courts have struggled to draw the line between speculative allegations and those of sufficient plausibility to survive a motion to dismiss. The Supreme Court provided scant guidance for drawing that elusive line. Judges were told to rely on their "experience

7

and common sense," *id.* at 679, and to consider the context in which a claim is made, *id.* The context of the discrimination claims in *Iqbal* was the detention of Muslim aliens held on immigration charges in the immediate aftermath of the attack of 9/11. Even in that context, four justices of the Supreme Court deemed the allegations sufficient to meet the plausibility standard, but five justices did not. Ultimately, *Iqbal* instructs, courts are to determine whether a complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at 678 (quoting *Bell Atlantic*, 550 U.S. at 570).

Endeavoring to apply the plausibility standard to Irrera's retaliation claim, we conclude that it is plausible. The context of Irrera's retaliation claim is the unsuccessful quest of a graduate conservatory piano student for a teaching position after he declined alleged sexual approaches from the man who was his teacher and the department chair. Irrera is a graduate of one of the Nation's most highly regarded schools of music and the recipient of a prestigious honor. Although it is not impossible that all twenty-eight schools to which he

8

applied for open teaching positions deemed his credentials insufficient to warrant an interview, it is plausible that these schools received negative references from the chairman of Eastman's piano department, who had been Irrera's teacher. It is also plausible that a teacher who warned his student that he would make his life a "living hell" if he made a written report of the teacher's sexual advances would give that student a negative reference, even if the student later complained to a school dean only orally. And it is also plausible that, since such a teacher is the chair of a department, he would be contacted by schools to which Irrera applied even though he was understandably not listed as a reference. Although Irrera's complaint makes no allegation that he is aware of a negative reference sent to any particular school, common experience indicates that schools and colleges rarely, if ever, disclose the content of the references they receive, in the absence of court-ordered discovery. Although some of these circumstances occurred outside the applicable limitations period, as we concluded in our summary order, they are nonetheless relevant to Irrera's timely claim of retaliation, and they persuade us that that claim is

9

plausible and that dismissal at the pleading stage was error.[4]

Conclusion

The Order of the District Court is vacated in part, and the case is remanded for further consideration of Irrera's retaliation claims. [5]

---

[4] We also conclude that the District Court erred in dismissing Irrera's retaliation claim as to his student internship at Eastman Community Music School ("ECMS"). Irrera had interned at ECMS since 2007, but was told in 2014 that he could not continue because he has graduated from Eastman. Irrera contends that the denial of the ECMS internship was in retaliation for his sexual harassment complaint. The amended complaint names other DMA graduates who were allowed to serve as interns at ECMS following their graduation, and alleges that the ECMS faculty handbook allows interns to increase their teaching load to 17.5 hours per week after they have graduated from the DMA program, calling into question Eastman's asserted rationale for terminating the internship. Taking these allegations together with the other allegations detailed in this opinion, we conclude that Irrera has plausibly pled a retaliation claim as to the ECMS internship.

[5] The District Court declined to exercise supplemental jurisdiction over Irrera's remaining state and common law claims, including his breach of contract claim, because it had dismissed all of Irrera's federal claims. *See Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003). On remand, the District Court should reconsider its decision regarding its exercise of supplemental jurisdiction as to state and local law claims related to the retaliation claim.

10

16-2004-cv
Irrera v. Humpherys, et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of June, two thousand seventeen.

PRESENT: JON O. NEWMAN,
 JOSÉ A. CABRANES,
 GERARD E. LYNCH,
  *Circuit Judges.*

---

DR. JOSEPH IRRERA,

 *Plaintiff-Appellant,* 16-2004-cv

 v.

DR. DOUGLAS HUMPHERYS, Individually, UNIVERSITY OF ROCHESTER*

 *Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:** STEWART LEE KARLIN, Stewart Lee Karlin, Law Group PC, New York, NY.

**FOR DEFENDANTS-APPELLEES:** MARION BLANKOPF and Christopher D. Thomas, Nixon Peabody LLP, Rochester, NY.

---

\* The Clerk is requested to change the official caption as above.

1

Appeal from an Order of the United States District Court for the Western District of New York (David G. Larimer, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the May 24, 2016, Order is **AFFIRMED in part** with respect to Irrera's Title IX, New York Human Rights Law ("NYHRL"), and New York Civil Rights Law ("NYCRL") discrimination claims. In a separate opinion, filed this day, the Order is **REVERSED in part** with respect to Irrera's Title IX, NYHRL, and NYCRL retaliation claims, **and REMANDED** for further proceedings consistent with this Order.

Plaintiff-appellant Dr. Joseph Irrera, a doctoral graduate of the University of Rochester's Eastman School of Music ("Eastman"), brought an action in the District Court against the University of Rochester and Dr. Douglas Humpherys, Chairperson of Eastman's Piano Department, for violations of Title IX of the Education Amendments of 1972, the NYHRL, and the NYCRL, among other claims. Irrera alleged that Humpherys sexually harassed him, that Eastman was aware of the harassment but failed to act, and that Irrera was subject to retaliation for complaining about the harassment.

Defendants moved to dismiss Irrera's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and the District Court granted their motion. Specifically, the District Court held that some of Irrera's sexual harassment claims were barred by the applicable three-year statute of limitations, that his allegations concerning Humpherys' conduct falling within the statute of limitations period did not constitute a "continuing violation" or give rise to stand-alone discrimination or hostile educational environment claims, and that events occurring after he graduated did not amount to a plausible claim of retaliation. We consider the retaliation claim in an opinion filed this day. Having dismissed Irrera's Title IX, NYHRL, and NYCRL claims, the District Court declined to exercise supplemental jurisdiction over his remaining state law claims. On appeal, Irrera challenges the District Court's dismissal of his hostile educational environmental and retaliation claims.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.[2]

---

[1] Irrera challenges the District Court's dismissal of his *quid pro quo* sexual harassment claim only in his reply brief, and we therefore consider the claim abandoned. *See JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005).

[2] We review *de novo* "a district court's dismissal of a complaint pursuant to [Federal Rule of Civil Procedure] 12(b)(6) . . . [,] accept[ing] all well-pleaded allegations in the complaint as true, [and] drawing all reasonable inferences in the plaintiff's favor." *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010).

1    Title IX affords "a remedy to a student who is subjected to sexual harassment by a teacher
2    or professor at an educational institution receiving federal funds." *Papelino v. Albany Coll. of Pharmacy*
3    *of Union Univ.*, 633 F.3d 81, 88–89 (2d Cir. 2011). A plaintiff can establish a hostile educational
4    environment claim under Title IX if he demonstrates "that he subjectively perceived the
5    environment to be hostile or abusive and that the environment objectively was hostile or abusive,
6    that is, that it was permeated with discriminatory intimidation, ridicule, and insult sufficiently severe
7    or pervasive to alter the conditions of his educational environment." *Id.* In addition, an educational
8    institution will be liable under Title IX if the plaintiff "establish[es] that a school official with
9    authority to address the alleged [harassment] and to institute corrective measures had actual
10   knowledge of the discrimination and failed to adequately respond." *Id.* (internal quotation marks
11   omitted). The statute of limitations for a Title IX claim based on conduct occurring in New York is
12   three years. *Curto v. Edmundson*, 392 F.3d 502, 504 (2d Cir. 2004).

13   According to Irrera's original complaint, in the spring of 2010, Humpherys made an
14   unwanted sexual advance toward Irrera by caressing Irrera's shoulder and rubbing his hands up and
15   down Irrera's arms for approximately four minutes during a piano lesson. Humpherys also leaned
16   his crotch into Irrera's back during the same lesson. Irrera also alleged that, over a year later, in April
17   and November 2011, Humpherys caused the panel of professors judging Irrera's first two solo piano
18   recitals to fail Irrera in retaliation for having rejected Humpherys' purported sexual advances.
19   Because Irrera filed his action on June 24, 2015, over three years after any of the alleged conduct
20   took place, his Title IX claims premised on Humpherys' actions would be untimely.

21   Nevertheless, Irrera, by way of an amended complaint, alleged that Humpherys took
22   additional actions against him between 2012 and 2014: Humpherys winked at him, blew kisses at
23   him, raised his eyebrows at him, and looked up and down at him in a sexual manner when they
24   encountered each other in Eastman's common areas. Irrera contended below, as he does again on
25   appeal, that these additional actions established a "continuing violation" of Title IX sufficient to
26   render all of Humpherys' actions, including the 2010 and 2011 actions, timely. The District Court
27   held that these new allegations failed to establish a "continuing violation" for purposes of the statute
28   of limitations and, thus, Irrera's Title IX claims stemming from Humpherys' 2010 and 2011 alleged
29   conduct were untimely. The District Court also held that Irrera's allegations about Humpherys' facial
30   expressions did not plausibly establish stand-alone Title IX claims. We agree.

31   "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related
32   to acts alleged in timely filed charges." *National Railroad Passenger Corp v. Morgan*, 536 U.S. 101, 113
33   (2002). With respect to hostile educational environment claims, however, which "depend upon
34   proof of repeated conduct extending over a period of time," *Morgan*, 536 U.S. at 120 n.12, "a
35   sexually offensive incident within the limitations period permits consideration of an incident
36   preceding the limitations period only if the incidents are sufficiently related." *McGullam v. Cedar*
37   *Graphics, Inc.*, 609 F.3d 70, 77 (2d Cir. 2010).

3

1   The unwanted sexual touching and retaliation allegedly committed by Humpherys in 2010
2   and 2011 and the allegedly sexual facial expressions made by Humpherys between 2012 and 2014
3   were discrete acts of harassment separated by multiple years of inactivity. *See Lambert*, 10 F.3d at 53
4   (affirming the dismissal of Title VII claims as time barred where "plaintiffs failed to produce
5   evidence of any [discriminatory] policy or mechanism"). Therefore we conclude that the "continuing
6   violation exception" does not apply and the District Court correctly held that Irrera's claims
7   concerning Humpherys' 2010 and 2011 acts are barred by the three-year statute of limitations.

8   Irrera's allegations regarding Humpherys' facial expressions also do not plausibly establish a
9   stand-alone hostile educational environment claim. Irrera does not plausibly allege that Humpherys'
10  sporadic winks, leers, and blown kisses were "sufficiently severe or pervasive to alter the conditions
11  of his educational environment." *Papelino*, 633 F.3d at 89*; see Alfano v. Costello*, 294 F.3d 365, 374 (2d
12  Cir. 2002) (explaining that "isolated acts, unless very serious, do not meet the threshold of severity
13  or pervasiveness"). Accordingly, the District Court correctly dismissed Irrera's Title IX hostile
14  educational environmental claim arising out of Humpherys' 2012 to 2014 behavior.

15  **CONCLUSION**

16  For the foregoing reasons, the May 24, 2016, Order is **AFFIRMED in part** with respect to
17  Irrera's Title IX, NYHRL, and NYCRL discrimination and hostile work environment claims**,** and
18  for the reasons set forth in an opinion filed this day, is **REVERSED in part** with respect to Irrera's
19  Title IX, NYHRL, and NYCRL retaliation claims**, and REMANDED** for further proceedings
20  consistent with that opinion.[3]

21  FOR THE COURT:
22  Catherine O'Hagan Wolfe, Clerk



---

[3] The District Court declined to exercise supplemental jurisdiction over Irrera's remaining state and common law claims, including his breach of contract claim, because it had dismissed all of Irrera's federal claims. *See Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003). On remand, the District Court should reconsider its decision regarding its exercise of supplemental jurisdiction.

4